UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JEFFERY DOHRMAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 1:20-cv-01120 |
| | ) |
| **CAVENDER AUTOWORKS, LTD.** | ) |
| **d/b/a TOYOTA OF CEDAR PARK** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JEFFERY DOHRMAN (hereinafter "Plaintiff" or "Dohrman"), and files his Complaint against Defendant, CAVENDER AUTOWORKS, LTD. d/b/a TOYOTA OF CEDAR PARK (hereinafter "Defendant" or "Cavender"), and in support he states the following:

**NATURE OF THE CLAIMS**

1.   This is an action for monetary damages and injunctive relief, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter the "ADA") and the Texas Commission on Human Rights Act, 1.3.3 Article 5221K, *et seq.* (hereinafter the "TCHRA") to redress Defendant's unlawful employment practices against Plaintiff including discrimination, harassment, and retaliation because of his disability, leading to Plaintiff's unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Dohrman is a citizen of the United States, and is, and was at all times material, a resident of the state of Texas, residing in Cedar Park, Texas.

6. Defendant, Cavender is a Domestic Limited Partnership with its principal place of business in San Antonio, Texas.

7. Plaintiff worked for Defendant at its Toyota of Cedar Park location at 5600 183A, Cedar Park, TX 78641.

8. Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On March 6, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

11. Plaintiff's charge was filed within one hundred and eighty days of the date the alleged unlawful employment practices occurred.

12. On August 14, 2020, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

13. This complaint was filed within ninety days of the issuance of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

14. Plaintiff was subjected to disparate treatment and discrimination due to his disability with regards to the terms and conditions of his employment.

15. Plaintiff was employed by Defendant at its Toyota of Cedar Park location as a Sales Representative from June 2019 until his wrongful termination on or about November 30, 2019.

16. On September 12, 2019, Plaintiff suffered an injury which resulted in him tearing his ACL and requiring surgery.

17. Plaintiff's impairment substantially limited one or more of his major life activities including walking and lifting.

18. Plaintiff communicated his condition to Defendant's Human Resources Director Brandi Tompkins. Ms. Tompkins initially informed Plaintiff not to worry, his job would remain available to him to return to.

19. On October 8, 2019 Plaintiff's physician outlined restrictions for Plaintiff including requiring that he wear a brace at all times and that he was to refrain from kneeling, squatting, taking stairs, inclines, and lifting greater than five pounds.

20. On November 27, 2019, Plaintiff received correspondence from Ms. Tompkins demanding that he return to work no later than November 30, 2019 or his employment with Defendant would be terminated.

21. Upon receipt of this correspondence, Plaintiff called Ms. Tompkins and she informed him that he would not be able to return to work until he was fully released by his physician to return to work without any accommodations. Defendant refused to engage in the interactive process with Plaintiff.

22. Between the date of his injury and the correspondence from Ms. Tompkins, Plaintiff had provided Defendant with documentation from his treating physician clearing him to work light duty.

23. Rather than accommodating Plaintiff, Defendant refused to return him to work unless and until he was cleared to return to work without restrictions.

24. Defendant terminated Plaintiff on November 30, 2019.

25. At the time of Plaintiff's termination Defendant informed him that he would be considered eligible for rehire when he was cleared to return to work full duty.

26. Defendant's unlawful termination of Plaintiff's employment was in close temporal proximity to the exercise of Plaintiff's rights under the ADAAA and in retaliation for Plaintiff's request for reasonable accommodation.

27. Plaintiff had no issues with his work or his performance between the time he notified Defendant of his disability and requested medical leave and the time of his termination.

28. Defendant unlawfully terminated Plaintiff's employment based on animus associated with Plaintiff's disability and in retaliation for his use of medical leave and request for accommodation.

29. Plaintiff was cleared to return to work approximately one month after his termination and he began reaching out to Defendant to be rehired; however, no one returned his calls.

30. Plaintiff eventually reached out to PJ Shelley, New Car Sales Director, about returning to work and Mr. Shelley informed Plaintiff that Defendant was refusing to reinstate his employment or rehire him.

31. The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

32. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

33. The effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

34. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional.

35. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

36. Plaintiff has been damaged by Defendant's illegal conduct.

37. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Disability Discrimination in Violation of the ADA**

38. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-37 above.

39. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

40. Plaintiff has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

41. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his medical condition regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

42. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his medical condition.

43. Defendant intentionally discriminated against Plaintiff based on his medical condition.

44. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

45. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

### Count II: Failure to Accommodate in Violation of the ADA

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

47. Plaintiff is a disabled person as defined by the ADA in that he has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

48. Defendant failed to engage in the interactive process and failed to accommodate Plaintiff as required by the ADA.

49. As a result of the foregoing, Plaintiff was caused to be injured and damaged; to have his career significantly and adversely impacted; to forgo compensation and benefits; and to endure embarrassment, mental anguish and emotional distress.

### Count III: Retaliation in Violation of the ADA

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

51. Plaintiff engaged in protected activity under the ADA while employed by Defendant.

52. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

53. Defendant's conduct violated the ADA.

54. Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

55. Defendant's conduct violates the ADA.

56. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

57. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

58. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count IV: Disability Discrimination in Violation of the TCHRA

59. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-37 above.

60. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the TCHRA.

61. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

62. Defendant is prohibited under the TCHRA from discriminating against Plaintiff because of his medical condition with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

63. Defendant violated the TCHRA by unlawfully terminating and discriminating against Plaintiff based on his medical condition.

64. Defendant intentionally discriminated against Plaintiff based on his medical condition.

65. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the TCHRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

66. Defendant's unlawful conduct in violation of the TCHRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of his civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count V: Retaliation in Violation of the TCHRA

67. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-37 above.

68. Plaintiff engaged in protected activity under the TCHRA while employed by Defendant.

69. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

70. Defendant's conduct violates the TCHRA.

71. Defendant's discriminatory conduct, in violation of the TCHRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

72. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

73. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling him to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional

distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

      b)      Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

      c)      Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
*/s/ Gabrielle E. Klepper*
Gabrielle E. Klepper
Texas Bar Number: 24090213
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gabrielle.Klepper@spielbergerlawgroup.com

*Counsel for Plaintiff*